United States District Court
Southern District of Texas
**ENTERED**
February 24, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SYLVIA P. ATKINSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-22-2652 |
| | § | |
| TONYA HAWKINS, | § | |
| WARDEN FPC BRYAN, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM OPINION AND ORDER

While in custody at the Federal Prison Camp in Bryan, Texas, petitioner Sylvia P. Atkinson filed this Motion for Writ of Habeas Corpus By a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 ("Petition") (Docket Entry No. 1). Atkinson argues that she has accumulated enough time credits off her sentence to be released.[1] Pending before the court is Respondent Warden Tonya Hawkins' Motion for Summary Judgment ("Respondent's MSJ") (Docket Entry No. 13). Respondent argues that Atkinson has not exhausted her administrative remedies and that Atkinson's time-credit calculation is wrong.[2] Because Atkinson did not exhaust administrative

---

[1]Petition, Docket Entry No. 1, p. 2. For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[2]Respondent's MSJ, Docket Entry No. 13, pp. 1-2.

remedies before filing her Petition, Respondent's MSJ will be granted, and this action will be dismissed without prejudice.

## I. Background

Atkinson was convicted of bribery and other offenses, and she was sentenced to 60 months of imprisonment.[3] She started her prison sentence on June 18, 2021.[4] Atkinson submitted a formal Administrative Remedy Request form (BP-9) on July 27, 2022, and it was received August 1, 2022.[5] Atkinson then filed this action on August 8, 2022.[6] The BOP's regional and central offices received appeals on August 15, 2022 (BP-10), and September 15, 2022 (BP-11).[7] Atkinson's Petition does not challenge her conviction or the initial determination of her sentence. But Atkinson argues that her sentence is now incorrect because Respondent has not applied all her claimed "Earned Time Credits" under the First Step Act of 2018.[8]

---

[3] Petition, Docket Entry No. 1, p. 2.

[4] Petitioner's Response Opposing Respondent's Motion for Summary Judgment ("Petitioner's Response"), Docket Entry No. 15, p. 1.

[5] Request for Administrative Remedy, Attachment 3 to Declaration of Alice Diaz-Hernandez ("Diaz-Hernandez Declaration"), Exhibit B to Respondent's MSJ, Docket Entry No. 13-2, p. 20.

[6] Petition, Docket Entry No. 1.

[7] Diaz-Hernandez Declaration, Exhibit B to Respondent's MSJ, Docket Entry No. 13-2, p. 3 ¶¶ 7-8.

[8] Petition, Docket Entry No. 1, p. 2 ¶ 2.

The First Step Act offers sentence time credits to qualifying inmates who participate in certain "Evidence Based Recidivism Reducing Programs" or "Productive Activities." 18 U.S.C. § 3632(d)(4)(A). An inmate can earn 10 or 15 days off her sentence for every 30 days of participation, depending on her recidivism risk. Id. at § 3632(d)(4)(A)(i),(ii).

Respondent filed her Motion for Summary Judgment on November 18, 2022. Respondent argues that the court must dismiss the Petition because Atkinson filed it before exhausting available administrative remedies and that her time-credit calculation is impossible.[9] Atkinson responded on December 19, 2022, arguing that she has since exhausted administrative remedies, that prison staff made them unavailable, and that exhausting them beforehand would have been futile.[10]

## II.  Legal Standard

28 U.S.C. § 2241(a) states that "[w]rits of habeas corpus may be granted by . . . the [federal] district courts." A federal prisoner seeking § 2241 relief "must first exhaust [her] administrative remedies through the Bureau of Prisons." Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993) (citing United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990) (internal quotation marks omitted).

---

[9]Respondent's MSJ, Docket Entry No. 13, pp. 1-3.

[10]Petitioner's Response, Docket Entry No. 15, p. 2.

The Bureau of Prisons has a four-step administrative remedy process, including: "(1) informal resolution of the issue with prison staff, submitted on form BP-8; (2) a formal administrative remedy request to the Warden, submitted on form BP-9; (3) an appeal to the Regional Director, submitted on form BP-10; and (4) a national appeal to the Office of General Counsel in Washington, D.C., submitted on form BP-11." Butts v. Martin, 877 F.3d 571, 582 (5th Cir. 2017) (citing 28 C.F.R. §§ 542.13-15). Failure to exhaust administrative remedies is only excused if the "remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam) (internal quotation marks omitted). Absent these exceptions, a court must dismiss an inmate's § 2241 petition that she filed before exhausting administrative remedies. "The Court must dismiss petitions which contain unexhausted claims." Malava v. State of Louisiana, Department of Public Safety and Corrections Board of Parole, No. Civ. A. 00-3786, 2001 WL 630472, at *4 (E.D. La. June 6, 2001).

### III.  Analysis

Atkinson did not complete the Bureau of Prisons' four-step administrative remedy process before filing this Petition. Petitioner argues (1) that she has since exhausted the administrative remedy process, (2) that prison officials obstructed

access to administrative remedies, and (3) that it would have been futile to exhaust her administrative remedies before filing.[11]

A.   **Post-Filing Exhaustion**

It appears that since filing this Petition, Atkinson has completed the Bureau of Prisons' four-step administrative remedy process and was denied relief.  The Fifth Circuit "take[s] 'a strict approach' to the exhaustion requirement." Flores v. Lappin, 580 F. App'x 248, 249 (5th Cir. 2014) (per curiam).  The Fifth Circuit has stated that post-filing administrative appeals do not satisfy the exhaustion requirement.  Cartwright v. Outlaw, 293 F. App'x 324, at *1 (5th Cir. 2008).  Atkinson submitted her formal administrative remedy request (step two) before filing this Petition, but her appeals to the regional and national levels (steps three and four) occurred since then.  Therefore she did not comply with the exhaustion requirement, and she must show that an exception applies.

B.   **Availability of Administrative Remedies**

Atkinson argues that the court should excuse her failure to exhaust remedies because prison staff made them unavailable.  An administrative remedy is unavailable if (1) "it operates as a simple dead end," (2) if it is "so opaque that it becomes,

---

[11] Id.

practically speaking, incapable of use," or (3) if "prison administrators thwart inmates from taking advantage of [a grievance process] through machination, misrepresentation, or intimidation." Ross v. Blake, 136 S. Ct. 1850, 1859 (2016). Atkinson states that

> she encountered BOP staff consistently unwilling and at times, intentionally thwarting her efforts to address her issues by denying access to grievance forms, refusing to accept copouts and/or grievances, long absences where she could not raise her concerns, rescheduled open houses during hours when she worked, canceled appointments when she was given time off to see them, misplacing forms that she would have to resubmit, failing to repair copiers or printers used by inmates, abruptly closing the mail room on one of two days inmates are allowed to certify mail and/or closing it for weeks at a time, and detaching documents from her grievance.[12]

Atkinson does not allege how long she was delayed in commencing the administrative remedies process. She also does not offer detailed allegations or evidence of any particular instance of thwarting by prison staff.[13] See Ramirez v. Bureau of Prisons, Civil Action No. 3:16CV626 HTW-LRA, 2017 WL 3135934, at *3 (S.D. Miss. May 31, 2017) ("The non-movant must present 'sufficiently specific facts,'

---

[12] Id.

[13] Having reviewed Atkinsons' attachments, including email correspondence with prison staff, the court is aware of only a single email relevant to availability of remedies. See 12/01/2022 Memo from Atkinson to Associate Warden, Docket Entry No. 16, p. 19. In the email Atkinson writes to an associate warden regarding an unscheduled closure of the mail room. Id. Atkinson speculates in the email that the closure was intended to thwart access to administrative remedies. Id. Speculation is not evidence. Even if true, this single instance of mail room closure (well after the Administrative Remedy Request and appeals at issue in this case) is not enough to make Atkinson's administrative remedies unavailable.

such as the identity of the prison employees, the forms requested, the date requested, and evidence detailing the prison officials' response or denial."), report and recommendation adopted, Civil Action No. 3:16-CV-626-HTW-LRA, 2017 WL 3132068 (S.D. Miss. July 21, 2017). Atkinson's argument is also undercut by the fact that she was able to submit her formal remedy request (BP-9) before filing this action. Any belief that she would be prevented from timely completing the remaining steps was speculative and, as it turns out, wrong. The court concludes that the required administrative remedies were not unavailable to Atkinson.

## C. Futility of Administrative Remedies

Atkinson briefly argues that pursuing her administrative remedies would have been futile in this case. This argument is based on the same general allegations that prison staff thwarted her access to administrative remedies. But she also states that prison staff "fail[ed] to address her claims based upon their misguided and heavily biased interpretation of the statutory intent of [Earned Time Credits] in the [First Step Act] of 2018."[14] Atkinson cites no case in which a court excused non-exhaustion based on the BOP's interpretation of the First Step Act. The court concludes that exhausting administrative remedies before filing this action would not have been futile.

---

[14] Id.

## IV. Conclusion

The court concludes that Atkinson did not exhaust her administrative remedies before filing this action. Respondent's Motion for Summary Judgment (Docket Entry No. 13) is **GRANTED**, and the Motion for Writ of Habeas Corpus By a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Docket Entry No. 1) will be dismissed without prejudice.

The Clerk will provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 24th day of February, 2023.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE